# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JESSE ARON ROSS,

Plaintiff,

vs.

NYE COUNTY SHERIFFS OFFICE, et al.,

Defendants.

Case No. 2:12-CV-00210-GMN-(PAL)

**ORDER**

Plaintiff, who is a prisoner in custody at the Nye County Detention Center, has submitted an application to proceed in forma pauperis (#1) and a civil rights complaint pursuant to 42 U.S.C. § 1983. The court finds that plaintiff is unable to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). Nonetheless, plaintiff must pay the filing fee in full through monthly installment payments. 28 U.S.C. § 1915(b)(2).

The court has reviewed the complaint, will dismiss a defendant, and will serve the complaint upon the remaining defendants. When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .
>
> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

Plaintiff alleges that he has been incarcerated at the Nye County Detention Facility since October 6, 2011. He further alleges that on March 1, 2009, the Nye County Sheriff's Department effected a new mail policy for jail inmates. Inmates no longer may send or receive letters written on letter-sized (8 ½" x 11") paper. Instead, correspondence must be only on postcards. As an indigent inmate, plaintiff is provided with two 3" x 5" postcards per week. Plaintiff alleges that this policy has affected him in two ways. First, he never received letters that his girlfriend sent, and only learned about the letters two months later when she visited him. Second, he cannot write as much on a postcard as he could write on letter-sized paper.

Plaintiff, as a prisoner, has "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). However, the jail may adopt regulations that can impinge upon plaintiff's First Amendment right if the regulations are "'reasonably related to legitimate penological interests.'" Id. (quoting Turner v. Safley, 482 U.S. 78, 89 (1989)). Security is one such legitimate interest. Id. (citing Procunier v. Martinez, 416 U.S. 396, 413 (1974)). Because plaintiff apparently is a pre-trial detainee, the mail regulation cannot serve a punitive interest. Bell v. Wolfish, 441 U.S. 520, 535 (1979). Restrictions on outgoing mail must more closely fit the interest than restrictions on incoming mail, but neither type of restriction need be the least restrictive possible. Id. There are four factors for determining the reasonableness of the regulation at issue:

First, is there a "'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it"? [. . .] Second, are there "alternative means of exercising the right that remain open to prison inmates"? [. . .] Third, what "impact" will "accommodation of the asserted constitutional right . . . have on guards and other inmates, and on the allocation of prison resources generally"? [. . .] And, fourth, are "ready alternatives" for furthering the governmental interest available?

Beard v. Banks, 548 U.S. 521, 529 (2006) (citations omitted) (quoting Turner, 482 U.S. at 89-90).

Plaintiff sues three defendants, Sheriff Anthony De Meo in his official capacity, Undersheriff Rick Marshall in his official capacity and in his individual capacity, and the Nye County Sheriff's Office in its individual capacity.  Naming a defendant in his individual capacity claims seeks to impose personal liability upon a government official for actions performed under color of state law, and naming a defendant in his official capacity represents another way of suing "an entity of which an officer is an agent."  Kentucky v. Graham, 473 U.S. 159, 165 (1984) (quoting Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690 n.55 (1978)).  To succeed with an official-capacity claim against defendants, plaintiff must prove that any constitutional violations that he suffered occurred as a result of an official policy or custom, Monell, 436 U.S. at 690, or through a failure to train municipal employees adequately, City of Canton v. Harris, 489 U.S. 378, 388-91 (1989).

Plaintiff has stated a claim against defendants De Meo and Marshall in their official capacities.  He has pleaded a plausible claim that the Nye County Sheriff's Office has created a policy of restricting mail by letters that affects his rights guaranteed by the First Amendment.

Plaintiff has not stated a claim against defendant Marshall in his individual capacity.  As the commander of the jail, defendant Marshall is a supervisor.  "A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).  Plaintiff has alleged that letters from his girlfriend were not delivered to him, but, assuming for the moment that the mail policy is unconstitutional, plaintiff has not alleged any personal involvement of defendant Marshall in stopping those letters.  The court dismisses the individual-capacity claim against defendant Marshall.

1    Plaintiff's individual-capacity claim against the Nye County Sheriff's Office is a non
2 sequitur.  He alleges that individual jail officers have conspired to violate his rights.  That allegation
3 itself is too vague, without sufficient factual matter, to state a claim.  Furthermore, even if plaintiff
4 could allege facts that show a conspiracy, he cannot sue the Nye County Sheriff's Office simply
5 because individual jail officers have violated his rights.  As noted above, a claim against an agency
6 must be the result of official policy or custom.  Plaintiff would need to sue the individual officers
7 themselves.  The court dismisses the Nye County Sheriff's Office.

8    IT IS THEREFORE ORDERED that plaintiff's application to proceed in forma pauperis is
9 **GRANTED**.  Plaintiff shall not be required to pay an initial partial filing fee.  However, even if this
10 action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

11    IT IS FURTHER ORDERED that plaintiff is permitted to maintain this action to conclusion
12 without the necessity of prepayment of any additional fees or costs or the giving of security therefor.
13 This order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas
14 at government expense.

15    IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nye County
16 Detention Facility shall pay to the clerk of the United States District Court, District of Nevada, 20%
17 of the preceding month's deposits to the prisoner's account (inmate #71556), in months that the
18 account exceeds $10.00, until the full three hundred fifty dollar ($350.00) filing fee has been paid
19 for this action.  If plaintiff should be transferred and become under the care of the Nevada
20 Department of Corrections, the Nye County Detention Facility accounting supervisor is directed to
21 send a copy of this order to the attention of the chief of Inmate Services for the Nevada Department
22 of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that plaintiff has paid
23 toward the filing fee, so that funds may continue to be deducted from plaintiff's account.  The clerk
24 shall send a copy of this order to the Nye County Detention Facility accounting supervisor, 101
25 Radar Rd., Tonopah, NV 89049.

26    IT IS FURTHER ORDERED that defendants Nye County Sheriff's Office and Rick
27 Marshall, both in their individual capacities, are **DISMISSED** from this action.
28

1  IT IS FURTHER ORDERED that the clerk of the court shall file the complaint, issue
2  summons to the remaining named defendants herein, and deliver same to the U.S. Marshal for
3  service.  Plaintiff shall have twenty (20) days in which to furnish to the U.S. Marshal the required
4  Forms USM-285.  Within twenty (20) days after receiving from the U.S. Marshal a copy of the
5  Form USM-285 showing whether service has been accomplished, plaintiff must file a notice with
6  the court identifying which defendants were served and which were not served, if any.  If plaintiff
7  wishes to have service again attempted on an unserved defendant(s), then a motion must be filed
8  with the court identifying the unserved defendant(s) and specifying a more detailed name and/or
9  address for said defendant(s), or whether some other manner of service should be attempted.
10 Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within
11 one hundred twenty (120) days from the date that the complaint was filed.
12  IT IS FURTHER ORDERED that henceforth, plaintiff shall serve upon defendants or, if
13 appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or
14 other document submitted for consideration by the court.  Plaintiff shall include with the original
15 paper submitted for filing a certificate stating the date that a true and correct copy of the document
16 was mailed to the defendants or counsel for the defendants.  The court may disregard any paper
17 received by a district judge or magistrate judge which has not been filed with the clerk, and any
18 paper received by a district judge, magistrate judge or the clerk which fails to include a certificate of
19 service.
20  DATED this 19th day of March, 2012.

_____
Gloria M. Navarro
United States District Judge