# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JESSE ARON ROSS,

               Plaintiff,

vs.

ANTHONY L. DAMEO, et al.,

               Defendants.

Case No. 2:12-cv-00210-GMN-PAL

**ORDER**

(Mtn to Commence Discovery - Dkt. #14)

      This matter is before the court on Plaintiff Jesse Aron Ross' Motion to Allow Discovery (Dkt. #14) filed July 18, 2012.  Plaintiff is a prisoner proceeding in this matter pro se and in forma pauperis.  The court has considered the Motion.

      Plaintiff submitted his Complaint with an Application to Proceed In Forma Pauperis on February 8, 2012.  In an Order (Dkt. #2) entered March 19, 2012, the court screened the Complaint pursuant to 28 U.S.C. § 1915 and dismissed Plaintiff's claims against the Nye County Sheriff's Office.  *Id.*  The Order also dismissed Plaintiff's claims against Defendants Dameo and Marshall in their individual capacities, but directed Plaintiff's claims against Defendants Dameo and Marshall in their official capacities could proceed.  *Id.*  The court and directed the Clerk file the Complaint and issue summons.  *Id.*  It appears, however, that Clerk mistakenly dismissed all of Plaintiff's claims against Defendant Rick Marshall, including the official capacity claims, because Defendant Marshall is listed as a terminated Defendant, and the Clerk has not issued summons to him.  As a result, Defendant Marshall has not been served with the Complaint.

      Subsequently, Defendant Dameo filed an Answer (Dkt. #9) and a Proposed Discovery Plan and Scheduling Order (Dkt. #11).  The court approved the proposed plan in a Scheduling Order (Dkt. #13) entered June 5, 2012.  The instant Motion requests leave to commence discovery.  Plaintiff's Motion is unnecessary.  Because Defendant Dameo has answered, and the court has entered a Scheduling Order, discovery is on-going until November 20, 2012.  Plaintiff should carefully review the Scheduling

Order and familiarize himself with the pending deadlines in this case. He should also review and familiarize himself with both the Local Rules of Civil Practice, the Local Rules of Special Proceedings applicable to cases involving a plaintiff proceeding in forma pauperis, and the Federal Rules of Civil Procedure, particularly Rules 26-37, which govern discovery.

Having reviewed and considered the matter,

**IT IS ORDERED:**

1. The Clerk of Court shall correct the docket regarding Plaintiff's official capacity claims against Defendant Marshall.

2. The Clerk of Court shall issue summons to Defendant Marshall and deliver the same to the U.S. Marshal for service. Plaintiff shall have twenty days in which to furnish the U.S. Marshal the required USM Form 285. Within twenty days afer receiving from the U.S. Marshal the USM Form 285 showing whether service was accomplished, Plaintiff shall file a notice with the court identifying whether Defendant Marshall was served. In the event service is not accomplished, and Plaintiff wishes to have service attempted again, he must file a motion with court specifying a more detailed name and/or address for Defendant Marshall, or state whether some other manner of service should be attempted.

3. Generally, Rule 4(m) of the Federal Rules of Civil Procedure states that service must be accomplished within 120 days of the Complaint being filed. However, given the delay in service in this particular case, Plaintiff shall have an additional 120 days to serve the Complaint on Defendant Marshall until **November 30. 2012.**

4. Plaintiff's Motion to Commence Discovery (Dkt. #14) is DENIED AS MOOT. Discovery is currently on-going, and the dates set forth in the court's Scheduling Order (Dkt. #13) shall apply.

Dated this 30th day of July, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE