**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JESSE ARON ROSS,<br><br>                  Plaintiff,<br><br>vs.<br><br>ANTHONY L. DAMEO, et al.,<br><br>                  Defendants. | Case No. 2:12-cv-00210-GMN-PAL<br><br>**ORDER**<br><br>(Mtn for Copies - Dkt. #18) |

      This matter is before the court on Plaintiff Jesse Aron Ross' Motion to Receive Free Copies from Clerk (Dkt. #18) filed August 9, 2012. Plaintiff is proceeding pro se and in forma pauperis. The Motion contends that although the Clerk of Court has sent documents to Plaintiff, he has not received some of them, including Defendant Dameo's Proposed Discovery Plan and Scheduling Order (Dkt. #11) and the Return of Service (Dkt. #12) submitted by the U.S. Marshal's Service. The court has considered the Motion.

      The statute providing authority to proceed in forma pauperis, 28 U.S.C. § 1915, does not include the right to obtain court documents without payment. *Id.* "The granting of an application to proceed in forma pauperis does not waive the applicant's responsibility to pay expenses of litigation which not covered by 28 U.S.C. § 1915." LSR 1-8. Although the Ninth Circuit has not spoken on the issue, courts in other jurisdictions have not permitted plaintiffs proceeding in forma pauperis to receive free copies of documents from the court without the plaintiff demonstrating a specific showing of need. *See, e.g., Collins v. Goord,* 438 F.Supp. 2d 399 (S.D.N.Y. 2006); *Guinn v. Hoecker,* 43 F.3d 1483 (10th Cir. 1994) (no right to free copy of any document in record unless plaintiff demonstrates specific need); *In re Richard*, 914 F.2d 1526 (6th Cir. 1990) (28 U.S.C. § 1915 does not give litigant right to have

///

documents copied at government expense); *Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964) (no free copy of court orders).

      Here, Plaintiff has not demonstrated a specific need for the documents he requests, instead asserting he did not receive Dameo's Proposed Discovery Plan or the Return of Service. With respect to the Proposed Discovery Plan, the Notice of Electronic Filing ("NEF") indicates it was mailed to Plaintiff on June 22, 2012, as set forth in the letter from the Clerk attached as Exhibit B to Plaintiff's Motion. Additionally the court's Scheduling Order (Dkt#13) which approved Defendant's proposed plan was mailed to the Plaintiff. Docket entry #12 is a USM Return unexecuted concerning the complaint and summons for Defendant Dameo (sic), and the Notice of Electronic Filing indicates that the Clerk mailed a copy of the return to the Plaintiff on June 28, 2012. As DeMeo filed an answer to the complaint, through his counsel May 24, 2012, it is unclear why Plaintiff would need a copy of this document.

    Counsel for DeMeo is reminded that Plaintiff does not receive electronic service of documents in this case, and all filings must be mailed to Plaintiff.

      For the reasons set forth above,

      **IT IS ORDERED** that Plaintiff's Motion for Copies (Dkt. #18) is DENIED.

      Dated this 14th day of August, 2012.

                                          PEGGY A. LEEN
                                          UNITED STATES MAGISTRATE JUDGE